# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARY TIMPONE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:19 CV 821 RWS |
| | ) |
| ETHICON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Defendants move to dismiss the claims of ninety-six Plaintiffs named in this case for lack of personal jurisdiction, pursuant to Rule 12(b)(2). Because Plaintiffs have not met their burden to show that I have personal jurisdiction regarding the claims of non-Missouri Plaintiffs, I will grant Defendants' motion to dismiss. The remaining Plaintiffs are completely diverse from the Defendants, and Defendants' removal was timely. As a result, I will deny Plaintiffs' motion to remand.

## BACKGROUND

Plaintiffs filed this personal injury case on February 28, 2019 in the City of St. Louis Circuit Court, alleging that they experienced "extreme pain, discomfort, urinary problems and dyspareunia" due to vaginal mesh "manufactured, marketed, advertised and promoted by Defendants." (ECF No. 7 at 4-33, 45). For each of the ninety-nine individuals, Plaintiffs state their place of residence, when the mesh was

implanted, and their alleged injuries resulting from the mesh. Three of these Plaintiffs allegedly reside in Missouri, while the other ninety-six Plaintiffs reside in New Jersey, Hawaii, Indiana, Michigan, New Hampshire, Arizona, Louisiana, Nevada, Pennsylvania, Tennessee, and Puerto Rico. Plaintiffs do not allege that the ninety-six non-Missouri Plaintiffs were injured by actions taken in Missouri.

Defendants move to dismiss the claims of non-Missouri plaintiffs. Plaintiffs move to remand this case based on lack of diversity between New Jersey Plaintiffs and Defendants. Plaintiffs also argue that the Defendants' removal was untimely. Both motions are fully briefed.

## **STANDARD**

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Ark. Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). To defeat a motion to dismiss for lack of personal jurisdiction, Plaintiffs must make a prima facie showing of jurisdiction. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003). At this stage, Plaintiffs carry the burden of proof "and the burden does not shift to the party challenging jurisdiction." Id.

I do not have diversity jurisdiction over a case unless all plaintiffs are completely diverse from all defendants. OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). However, I may determine a threshold issue of personal

jurisdiction if it is "simple when compared with the issue of subject-matter jurisdiction." Crawford v. F. Hoffman La Roche, 267 F.3d 760, 764 (8th Cir. 2001).

## ANALYSIS

### I. Jurisdiction

Defendants argue that I do not have personal jurisdiction over ninety-six non-Missouri Plaintiffs, pursuant to Daimler AG v. Bauman, 571 U.S. 117 (2014) and Bristol-Myers Squibb v. Superior Court of California, 137 S.Ct. 1773 (2017). As articulated in Daimler and Bristol-Meyers, a court must have either "general" or "specific" jurisdiction over all parties. A court has general jurisdiction over a corporation if it is "fairly regarded as at home" in the forum. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). A corporation's principal place of business or place of incorporation will satisfy this test. Id. at 138. However, "a corporation's 'continuous activity of some sorts within a state'" will not. Daimler AG v. Bauman, 571 U.S. 117, 132 (2014) (quoting Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 318 (1945).

Alternatively, a court has specific jurisdiction over a defendant if the suit "arises out of or relates to the [D]efendant's contact with the forum." Daimler AG v. Bauman, 571 U.S. 117, 126 (2014). If a suit does not satisfy this condition, "specific jurisdiction is lacking." Bristol-Myers Squibb Co. v. Superior Court of

California, San Francisco Cty., 137 S. Ct. 1773, 1781, (2017). "[A] defendant's unconnected activities in the State" cannot establish specific jurisdiction. Id.

In general, "[a] court faced with more than one jurisdictional issue may decide these jurisdictional questions in any order." In Re AFY, 734 F.3d 810, 816 (8th Cir. 2013) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 100 n.3 (1998)). A court without subject matter jurisdiction may not dismiss a case on the merits. Crawford v. F. Hoffman La Roche, 267 F.3d 760, 764 (8th Cir. 2001). However, a court may determine a "threshold issue[], such as personal jurisdiction . . . without a finding of subject-matter jurisdiction, [if] the threshold issue is simple when compared with the issue of subject-matter jurisdiction." Id. After Bristol-Myers Squibb, "judges in [the Eastern District of Missouri] have generally held that the issue of personal jurisdiction is more straightforward than subject-matter jurisdiction." Moore v. Bayer Corp., No. 4:18 CV 262 CDP, 2018 WL 4144795, at *2 (E.D. Mo. Aug. 29, 2018) (collecting cases).

After carefully reviewing the Plaintiffs' complaint and the parties' briefings on these issues, I find that the issue of personal jurisdiction is straightforward in this case. The Plaintiffs' first amended complaint contains no allegations demonstrating a connection between the ninety-six non-Missouri Plaintiffs and the forum state, Missouri. For example, the fourth named Plaintiff

is a natural person residing in the State of New Jersey. [She] was implanted with a Gynecare TVT device during surgery performed on or around April 28, 2005. The pelvic mesh device was manufactured, marketed, advertised and promoted by Defendants Ethicon, Inc.; Ethicon Women's Health and Urology, a division of Ethicon, Inc.; Gynecare, Inc.; Johnson & Johnson; John Does 1-20, and each of them. After the device was implanted, Plaintiff . . . began to experience severe complications related to the implant, including but not limited to extreme pain, discomfort, urinary problems and dyspareunia.

[ECF No. 7 at ¶ 4]. The complaint states nearly identical facts for the other ninety-five non-Missouri Plaintiffs.

This paragraph includes no allegations that this Plaintiff's alleged injuries arose out of actions taken in Missouri. While the defendants allegedly "manufactured, marketed, advertised, and promoted" the mesh device, nothing in the complaint suggests that these activities took place in Missouri. Elsewhere in the complaint, Plaintiffs allege that the defendants "conducted regular and sustained business in Missouri by selling and distributing [their] products." (ECF No. 7, 34-35). However, "regular and sustained business" does not establish general jurisdiction over a defendant. Daimler AG v. Bauman, 571 U.S. 117, 132. Such "regular and sustained business" also does not establish specific jurisdiction unless the plaintiff's injuries arose from those activities.

Viewed in the light most favorable to Plaintiffs, these facts do not establish that non-Missouri residents' injuries arose out of any defendant's contacts with

Missouri. For comparison, in Bristol-Meyers, the Supreme Court noted that "nonresidents were not prescribed Plavix in [the forum state,] California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." Id. In this case, Plaintiffs have made no allegations that the specific mesh devices implanted in non-Missouri residents were "manufactured, marketed, advertised, and promoted" in Missouri, or that those non-Missouri residents received those devices in Missouri. As a result, I do not have personal jurisdiction over ninety-six non-Missouri Plaintiffs. I must dismiss the claims against these Plaintiffs. The remaining Missouri Plaintiffs are diverse to all defendants. As a result, I have jurisdiction over the three remaining Plaintiffs' claims.

## II. Timeliness of Removal

Plaintiffs argue that, even if parties are diverse from each other, I must remand this case because Defendants' removal was untimely. Plaintiffs allege without evidence that Defendants were served on February 28, 2019. Defendants removed this case on April 3, 2019. Defendants submitted a sworn declaration signed by paralegal Karen L. McAndrews, declaring that they were served on March 7, 2019. (ECF No. 17-1 at 3). Defendants also submitted envelopes from Plaintiff counsel's law firm postmarked on March 6, 2019. (Id. at 5). Defendants' submissions indicate that their removal was timely.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss the ninety-six non-Missouri Plaintiffs for lack of personal jurisdiction, [No 5], is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand, [No. 14], is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June 2019.